1

2

3                        UNITED STATES DISTRICT COURT

4                            DISTRICT OF NEVADA

5                                    * * *

6    CHARLES MAKI,                          Case No. 3:20-cv-00274-MMD-WGC

7                         Petitioner,        ORDER

8         v.

9    RENEE BAKER, *et al.*,

10                        Respondents.

11

12          This is a habeas corpus action under 28 U.S.C. § 2254. The Court has ordered

13   Petitioner Charles Maki to both show cause why the Court should not dismiss the action

14   as an unauthorized second or successive petition and to pay the $5.00 filing fee. (ECF

15   No. 3.) Maki has filed a motion to show cause. (ECF No. 4.) However, Maki has not paid

16   the filing fee within the allotted time. The Court thus dismisses the action.

17          To avoid future needless litigation in this Court, the Court has reviewed the motion

18   to show cause despite Maki's failure to pay the filing fee. Maki complains now that the

19   Court incorrectly dismissed his first federal habeas corpus petition, *Maki v. Grigas*, 2:01-

20   cv-00268-RLH-PAL, for failure to keep his mailing address up to date. The Court declined

21   to grant Maki relief from the judgment in that action both because Maki failed to provide

22   the Court with prompt notice of his change in address and because Maki waited for more

23   than a year and a half after entry of the judgment to seek relief from the judgment.

24          To the extent that Maki is arguing now that the Court dismissed *Maki v. Grigas*

25   incorrectly, he is making the argument in the wrong case. This is an argument that Maki

26   would need to make in *Maki v. Grigas*. However, more than 14 years have passed since

27   the dismissal of *Maki v. Grigas*. Maki also made a similar argument in a motion for relief

28   from the judgment in *Maki v. Grigas*, without success. The Court makes no statement

1    now whether Maki could obtain any relief from the judgment in *Maki v. Grigas*.

2          Additionally, Maki's argument about why he did not keep his address up to date does not address the reason why this action is an unauthorized second or successive petition under 28 U.S.C. § 2244(b). The Court dismissed *Maki v. Grigas* without prejudice. A subsequent federal habeas corpus petition would not be a second or successive petition, but it would have the problem of being untimely under 28 U.S.C. § 2244(d)(1), because a federal habeas corpus petition does not toll the one-year limitation period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). That is what happened. Maki filed *Maki v. Legrand*, Case No. 3:12-cv-00201-LRH-VPC. The Court determined that *Maki v. Legrand* was untimely. The untimeliness of *Maki v. Legrand*—not the dismissal of *Maki v. Grigas*—is why the current federal petition is a second or successive petition. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (untimely Section 2254 petition makes subsequent Section 2254 petitions "second or successive" within the meaning of Section 2244(b)). Maki does not address *Maki v. Legrand* in his motion to show cause. Consequently, Maki needed to obtain authorization from the United States Court of Appeals for the Ninth Circuit before he could commence this action. He tried, but the Court of Appeals did not authorize him to file a second or successive petition. *Maki v. Baca*, Case No. 18-72110.

19          Maki also argues that his claims have merit and that he is actually innocent. These are arguments that he needs to make in an application for authorization to file a second or successive petition, filed in the Court of Appeals. Unless he can get that authorization, this Court does not have jurisdiction to consider his claims.

23          Reasonable jurists would not find the Court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

25          It is therefore ordered that this action is dismissed for Petitioner's failure to pay the filing fee and as an unauthorized second or successive petition. The Clerk of the Court is directed to enter judgment accordingly and to close this action.

28          It is further ordered that a certificate of appealability will not issue.

1       It is further ordered that that the Clerk will add Aaron Ford, Attorney General for

2 the State of Nevada, as counsel for Respondents.

3       It is further ordered that the Clerk will electronically serve upon Respondents a

4 copy of this order and the petition. No response is necessary.

5       DATED THIS 5th day of August 2020.

6

7                              _____

8                              MIRANDA M. DU
                               CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28