UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES MAKI,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:20-cv-00274-MMD-WGC<br><br>ORDER |

Before the Court in this closed habeas matter is Petitioner Charles Maki's Rule 60(b)(6) motion and motion for evidentiary hearing. (ECF Nos. 14, 15 ("Motions").)

Maki submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* ("IFP Application") on May 7, 2020. (ECF Nos. 1, 1-1.) The Court denied the IFP Application and ordered Maki to pay the $5 filing fee and show cause as to why this action should not be dismissed as an unauthorized second or successive petition. (ECF No. 3.) The Court explained that the instant action challenged Maki's judgment of conviction in case number CR94-0345, but Maki had already challenged that same judgment of conviction in case number 3:12-cv-00201-LRH-VPC.[1] (*Id.*) Maki responded to the order to show cause (ECF No. 4), but he did not pay the filing fee. On August 5, 2020, the Court dismissed the action based on the lack of a filing fee, but "[t]o avoid future needless litigation," this Court also reviewed Maki's response to the order to show cause. (ECF No. 5.) The Court determined that it did not have jurisdiction to consider Maki's claims and that Maki needed to file an application for

---

[1] In case number 3:12-cv-00201-LRH-VPC, the Court dismissed the petition with prejudice as time-barred.

authorization to file a second or successive petition with the Court of Appeals. (*Id*. at 2.) Judgment was entered on August 6, 2020. (ECF No. 6.)

On September 8, 2020, Maki moved for reconsideration, and on September 11, 2020, Maki filed a notice that he had sent his $5 filing fee on September 2, 2020. (ECF Nos. 8, 9.) On October 8, 2020, the Court denied the motion for reconsideration because Maki failed to explain why he sent the filing fee after the Court dismissed the action and merely repeated his arguments from his response to the order to show cause in his motion for reconsideration. (ECF No. 10.)

Maki now moves for relief from the judgment under Fed. R. Civ. P. 60(b) and for an evidentiary hearing. (ECF Nos. 14, 15.) In the Motions, Maki argues that he is actually innocent because his trial counsel failed to investigate, locate, and present his medical records at his trial. (*Id*. at 5.) According to Maki, these medical records, which he discovered after his sentencing, would have proven that he could not have committed the sexual allegations because he was wearing a full body cast and was diagnosed as being impotent at the time the sexual assaults occurred. (*Id*.) Maki also argues that his trial counsel was ineffective in failing to seek suppression of his confession, failing to file pretrial motions to get a continuance to obtain his medical records, failing to provide him with discovery, failing to raise a diminished-capacity defense, failing to interview a witness, and failing to hire an expert. (*Id*. at 9, 12, 17, 20, 22, 23.) Moreover, Maki alleges that the prosecutor failed to turn over his medical records, the state district court judge was biased, law enforcement coerced him into giving a false confession and did not properly give him his *Miranda* warnings, and the state district court improperly allowed a videotape that was recorded without his knowledge to be used against him. (*Id*. at 8, 24, 29, 31, 34.)

Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order for the following limited reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A Rule 60(b) motion is proper when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Motions for relief under "Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Maki's motion for relief has not been made within a reasonable time. This Court dismissed Maki's petition on August 5, 2020, and judgment was entered on August 6, 2020. (ECF Nos. 5, 6.) Maki did not move for relief from that judgment until October 17, 2022—2 years, 2 months, and 11 days later. Maki gives no explanation for this delay.[2]

Moreover, Maki does not attack a defect in the integrity of his federal habeas proceedings. Rather, it appears that Maki's Motions are second or successive habeas corpus petitions, which is proscribed under AEDPA. *See Gonzalez*, 545 U.S. at 529. And as the Court explained in its order dismissing this action, the Court does not have jurisdiction to consider Maki's claims unless he can get authorization from the Court of Appeals to file a second or successive petition. (ECF No. 5 at 2.)

It is therefore ordered that the motion for Rule 60(b)(6) review (ECF No. 14) and the motion for evidentiary hearing (ECF No. 15) are denied.

///

///

---

[2]Notably, Maki does not allege when he received his newly discovered medical records.

It is further ordered that, because reasonable jurists would not find this decision to be debatable or wrong, a certificate of appealability is denied.

DATED THIS 31st Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE